1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7

8  GREGORY McCLELLAN,                        1:10-cv-01470-OWW-GSA-PC

9                                            ORDER DENYING PLAINTIFF'S MOTION
          Plaintiff,                         TO PROCEED IN FORMA PAUPERIS
10                                           (Doc. 2.)

11    vs.                                    ORDER FINDING PLAINTIFF INELIGIBLE
                                             TO PROCEED IN FORMA PAUPERIS IN
   PAT HEARD, et al.,                        THIS ACTION, AND REQUIRING PLAINTIFF
12                                           TO PAY $350.00 FILING FEE IN FULL
                                             WITHIN THIRTY DAYS OR THIS ACTION
13        Defendants.                        WILL BE DISMISSED

14
   _____/
15

16        Plaintiff, Gregory McClellan ("Plaintiff"), is a prisoner proceeding pro se in this civil rights

17  action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 16, 2010, together with

18  a motion to proceed in forma pauperis.  (Docs. 1, 2.)

19        Section 1915 of Title 28 of the United States Code governs proceedings in forma pauperis.

20  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this

21  section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

22  facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

23  that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

24  prisoner is under imminent danger of serious physical injury."  Plaintiff has had three or more actions

25  dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted.[1]

26
   _____

27        [1] The court takes judicial notice of 1:09-cv-00256-LJO-GSA-PC McClellan v. Mountain. (E.D. Cal.)
   (dismissed for failure to state a claim on 03/05/2009), 1:08-cv-01326-YNP-PC McClellan v. Fink (E.D. Cal.)
28  (dismissed for failure to state a claim on 04/01/2009), and 1:07-cv-01607-OWW-SMS-PC McClellan v. Haviland
   (E.D. Cal.) (dismissed for failure to state a claim on 10/19/2009).

Thus, Plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless Plaintiff is, at the time the complaint is filed, under "imminent danger" of serious physical injury.

Plaintiff claims he was under "imminent danger" at the time the complaint was filed on August 16, 2010, because he was incarcerated at Kern County Jail with inmates who are HIV-positive and carry other communicable diseases. However, Plaintiff's "imminent danger" is entirely unrelated to the allegations in the complaint. In the complaint, Plaintiff names five parole agents as defendants, alleging they used unconstitutional parole procedures and improperly imposed residency restrictions upon him while he was on parole in 2007, 2008, and 2009. Because the "imminent danger" of communicable diseases while in jail does not apply to any part of Plaintiff's allegations against the parole agents, it does not make practical sense, under § 1915(g), to allow Plaintiff to proceed in forma pauperis with this lawsuit. See Andrews v. Cervantes, 493 F.3d 1047, 1054 (9th Cir. 2007). Therefore, Plaintiff's motion to proceed in forma pauperis shall be denied, and Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Pursuant to 28 U.S.C. § 1915(g), Plaintiff is ineligible to proceed in forma pauperis in this action;

2.    Plaintiff's motion to proceed in forma pauperis, filed August 16, 2010, is DENIED;

3.    Plaintiff shall submit the $350.00 filing fee in full within **thirty (30) days**; and

4.    If Plaintiff fails to pay the $350.00 filing fee in full within thirty days, this action will be dismissed, without prejudice.

IT IS SO ORDERED.

**Dated:    August 26, 2010**          _____/s/ Oliver W. Wanger_____
                                        UNITED STATES DISTRICT JUDGE